# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| CIERRA LOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-1132-JWL |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying supplemental security income (SSI) under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of the opinions of the state agency psychological consultants, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.    Background**

Plaintiff applied for SSI on January 11, 2008, alleging disability beginning December 1, 2006. (R. 9, 101-05). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge

(ALJ). (R. 9, 41-42, 55). Plaintiff's request was granted, and Plaintiff appeared with counsel for a video hearing before ALJ Mark R. Dawson on March 3, 2010. (R. 9, 21-22). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 9, 22-40).

On April 6, 2010, ALJ Dawson issued a decision finding that Plaintiff had not engaged in substantial gainful activity after her application date, and has the severe impairment of bipolar disorder, but that her condition does not meet or medically equal one of the Listed Impairments. (R. 11-12). The ALJ determined that Plaintiff has no exertional limitations, but that her bipolar disorder precludes interaction with the general public, and he concluded that she has the residual functional capacity (RFC) for a range of work at all exertional levels, but with no interaction with the general public. (R. 12-15). He found that Plaintiff has no past relevant work, but that considering her age, education, work experience, and RFC, jobs that Plaintiff is able to perform exist in significant numbers in the national economy. (R. 15-16). Therefore, he concluded that Plaintiff is not disabled within the meaning of the Act, and denied her application. (R. 16). Plaintiff requested Appeals Council review of the ALJ's decision, but the Appeals Council found no reason under the Social Security Administration rules to review the ALJ's decision, and denied the request. (R. 1-5). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

**II.    Legal Standard**

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. § 416.920 (2010); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses

claimant's RFC. 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred both in failing to link the RFC limitations to record evidence because he misstated and misinterpreted the medical opinions of the state agency psychological consultants (Pl. Br. 10-11), and in failing to consider all of the relevant evidence when he determined that the "medical records have shown a pattern of significant improvement since [Plaintiff] resumed psychiatric treatment in December 2007." Id. at 12. The Commissioner argues that the ALJ made a proper RFC assessment; that he appropriately considered the opinions of the state agency psychological consultants, and that he properly considered all of the evidence regarding Plaintiff's condition and correctly found that the medical records showed a pattern of significant

5

improvement with continued psychiatric treatment. (Comm'r Br. 4-8). As explained below, the court agrees with Plaintiff that the ALJ did not properly evaluate the medical opinions of the state agency psychological consultants. Because this error alone requires remand for a proper evaluation of the consultants' opinions, the court need not and will not decide whether the ALJ considered all of the evidence relevant to Plaintiff's condition. Plaintiff may make arguments in that regard before the Commissioner on remand.

## III.     Evaluation of the Opinions of the State Agency Psychiatric Consultants

In her brief, Plaintiff treats this alleged error as an error in the ALJ's RFC assessment. She characterizes the error as a failure to link the RFC assessment with substantial record evidence. (Pl. Br. 10). She reasons that the ALJ linked the RFC limitations to the medical opinions of the state agency psychological consultants, but that the necessary link cannot be established because the ALJ misstated and misinterpreted those opinions. Leaving aside the questions whether, how, and how closely an ALJ must "link" his specific RFC limitations to particular record evidence,[1] erroneous evaluation of the state agency psychiatric consultants' medical opinions is error requiring remand. E.g., Coleman v. Astrue, 523 F. Supp. 2d 1264, 1272 (D. Kan. 2007) (ALJ did not state the

---

[1]This court recently decided there is no need to link RFC limitations to specific statements in medical opinions in the record. TenEyck v. Astrue, No. 11-1233-JWL, slip op. at 17 (D. Kan. May 25, 2012) (citing Castillo v. Astrue, No. 10-1052-JWL, 2011 WL 13627, at *10-11 (D. Kan. Jan. 4, 2011); Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, at *13 (D. Kan. Apr. 4, 2011)).

relative weight assigned to medical opinions); Payden v. Astrue, Civ. A. No. 10-1039-JWL, 2010 WL 5392613, *3-5 (D. Kan. Dec. 21, 2010) (remand necessary because a portion of state agency consultant opinion was missing, leaving the ALJ's findings ambiguous).

Specifically, Plaintiff argues that the state agency psychological consultants opined that Plaintiff had a severe combination of impairments (bipolar disorder and possible alcohol abuse), but that if she reduced or stopped her alcohol use her condition would improve and she would be able to return to work no later than December 6, 2008, within one year after she sought mental health treatment. (Pl. Br. 10-11) (citing (R. 243)). Plaintiff notes that the ALJ found only one severe impairment, bipolar disorder, and did not even refer to the psychological consultants' consideration of possible alcohol abuse. Id. at 11. She argues that the ALJ rejected the finding of possible alcohol abuse by improperly rendering a medical judgement sua sponte, and implies that it was therefore inappropriate to rely upon the consultants' opinions because the ALJ did not explain why he rejected the finding of possible alcohol abuse or why the remainder of the consultants' opinions should still be accepted. Id.

The Commissioner does not directly address Plaintiff's argument that the ALJ rejected the state agency psychological consultants' finding of possible alcohol abuse sub silentio, but argues that "it was appropriate for the ALJ to consider [the consultants'] opinions because they were reached based on the assumption that Plaintiff would abstain from alcohol abuse." (Comm'r Br. 4). He argues that although an ALJ is not bound by

the state agency psychological consultants' opinions, he is required to consider them. Id. at 5. He notes that one of the consultants, Dr. Adams, "provided a narrative explaining and supporting the opinions," and argues that the ALJ appropriately considered the opinions and gave them appropriate weight. Id. Although neither Plaintiff's nor the Commissioner's argument is a model of clarity, what is clear is that Plaintiff claims the ALJ erred in evaluating the medical opinions of the state agency psychological consultants, whereas the Commissioner argues that the ALJ properly considered the opinions and gave them appropriate weight.

The court quotes the ALJ's entire discussion of the psychological consultants' opinions here:

> The state agency psychological consultants found the claimant's bipolar disorder to be non-severe as it was anticipated that with treatment her condition would improve to the point where she could sustain gainful employment by December 6, 2008 (Exhibit 4F, 10F [(R. 231-44, 285)]).

(R. 13-14). At the bottom of the same page the ALJ concluded:

> As for the opinion evidence, findings of fact made by state agency medical professionals regarding the nature and severity of an individual's impairments are granted probative weight as expert opinion evidence by a non-examining source (SSR 96-6p). Their early 2008 assessments that the claimant's impairment was durationally non-severe was [sic] speculative (Exhibit 4F, 10F [(R. 231-44, 285)]). The claimant's subsequent medical record indicated that, with appropriate treatment, her residual impairment, although "severe" caused no more than "moderate" or "marked" limitations in her ability to socially function in the work place.
>
> In sum, the above residual functional capacity assessment is supported by the entirety of the medical evidence, the evaluations of the state medical agency, and the partially credible statements of the claimant and third parties.

(R. 14-15).

As the Commissioner suggests, evidence from nonexamining sources such as state agency psychological consultants is opinion evidence. 20 C.F.R. § 416.927(f). ALJ's are not bound by such opinions but must consider them. Id., § 416.927(f)(2)(i). Such opinions must be evaluated using the regulatory factors for weighing all medical opinions, and the ALJ must explain in the decision the weight given them. Id., § 416.927(f)(2)(ii & iii).

Substantial record evidence supports the ALJ's finding that the consultants' opinions (that Plaintiff's impairment was durationally non-severe) were speculative. As the ALJ noted, medical records produced after the consultants' opinions showed that Plaintiff's condition is severe, and continued to be severe after December 6, 2008. (R. 14). However, in every case, the ALJ refers to Plaintiff's impairment in the singular or as "bipolar disorder." (R. 14-15). As Plaintiff argues, at no point did the ALJ even acknowledge that the consultants identified "possible alcohol abuse" as a medically determinable impairment in this case, and he did not discuss the significance of that finding. He did not discuss whether the consultants found that alcohol abuse was a "severe" impairment, or whether the finding of durational non-severity referred only to bipolar disorder or referred to both bipolar disorder and alcohol abuse. These are ambiguities which it is the ALJ's responsibility to resolve. Social Security Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2011) (narrative

discussion must explain how any ambiguities and material inconsistencies in the evidence were considered and resolved, and, if the RFC assessment conflicts with a medical source opinion, must explain why the opinion was not adopted).

Moreover, in the very next paragraph after finding that the state agency psychological consultants' opinions were speculative, the ALJ found that "the above residual functional capacity assessment is supported by . . . the evaluations of the state medical agency." (R. 15). The ALJ's finding that the state agency psychological consultants' 2008 assessments were speculative (R. 14), is in direct conflict with his finding that his RFC assessment "is supported by . . . the evaluations of the state medical agency." This conflict requires remand for resolution by the Commissioner. While it is not absolutely clear that in using the term "the evaluations of the state medical agency" the ALJ was referring to what he had earlier described as the "state agency medical professionals[']" "assessments," that is the only construction which makes sense on its face. If the terms are not equivalent, and the ALJ did not intend the conflict which is evident from the decision, it is the ALJ's responsibility to make that fact clear, and the failure to do so would itself be error requiring remand. Remand is necessary for the Commissioner properly to consider and to evaluate the opinions of the state agency psychological consultants, to resolve the ambiguities presented, and to explain the weight accorded those opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

      Dated this 31st day of May 2012, at Kansas City, Kansas.


                                  s:/ John W. Lungstrum
                                  **John W. Lungstrum**
                                  **United States District Judge**